UNITED STATES of America, Plaintiff–Appellee,

v.

**Walter Devon GRANDISON, Defendant–Appellant.**

No. 09–13622
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

April 8, 2010.

Walter Devon Grandison, Waymart, PA, pro se.

Lennard B. Register, III, Nancy J. Hess, U.S. Attorney's Office, Thomas P. Swaim, Pensacola, FL, for Plaintiff–Appellee.

Before BLACK, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Walter Grandison, proceeding *pro se,* appeals the sentence imposed by the district court following its grant of a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). On appeal, Grandison argues the district court erred in determining the extent of his sentence reduction under § 3582(c)(2) because it failed to consider the 18 U.S.C. § 3553(a) factors. Grandison contends the court's failure to consider the § 3553(a) factors indicates it might not have appreciated the extent of its discretion to impose a lower sentence in light of the relevant factors. After review, we affirm.[1]

---

1. We review a district court's decision wheth-    er to reduce a sentence under § 3582(c)(2) for

Here, the district court granted Grandison's § 3582(c)(2) motion and sentenced him to 324 months' imprisonment, the lowest end of the amended guideline range of 324–365 months' imprisonment. The district court failed to explicitly state it considered the § 3553(a) factors. *See United States v. Douglas*, 576 F.3d 1216, 1219 (11th Cir.2009) ("[I]f it is not possible to determine from the record whether the district court considered the § 3553(a) factors, we must vacate and remand the case to the district court."). Even if the court erred by not considering the § 3553(a) factors, such error was harmless because the district court lacked the authority to sentence Grandison below the amended guideline range sentence. *See* U.S.S.G. § 1B1.10(b)(2)(A) (stating that, generally, the court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range"); *United States v. Melvin*, 556 F.3d 1190, 1193–94 (11th Cir.2009) (holding the district court erred in sentencing the defendant below the amended guideline range in violation of the guidelines policy statements), *cert. denied,* ⸺ U.S. ⸺, 129 S.Ct. 2382, 173 L.Ed.2d 1300 (2009).

**AFFIRMED.**

abuse of discretion and its conclusions regarding the scope of its legal authority *de novo.* *United States v. Williams*, 549 F.3d 1337, 1338 (11th Cir.2008).